UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA DVOINIK and
BORIS ZAVADOVSKY,

    Plaintiffs,

v.                                            Case No. 8:22-cv-1127-TPB-CPT

DR. PETER PHILIPP, MARIO
RABL, SUSANNE HOFLINGER,
THOMAS HOFLINGER, and DR.
GUNDA EBHART,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

This matter is before the Court on "Defendants' Motion to Dismiss Second Amended Complaint for (1) Lack of Subject Matter Jurisdiction and Act of State Doctrine, (2) Shotgun Pleading, (3) Lack of Personal Jurisdiction, (4) Failure to State a Cause of Action, and (5) Insufficient Service of Process, and Incorporated Memorandum," filed April 24, 2023.  (Doc. 77).  Plaintiffs filed a response in opposition on May 2, 2023.  (Doc. 79).

The Court's Order dismissing the amended complaint set forth the background of this case, and that discussion is incorporated by reference.  *See* (Doc. 73, at 1-7).  In brief, Plaintiffs Boris Zavadovsky and Elena Dvoinik are foreign citizens currently living in Florida.  Defendants are Peter Philipp, a "prominent criminal attorney" in Austria, Mario Rabl and Susanne Hoflinger, Austrian police officers, Thomas Hoflinger, a police department IT employee in Austria, and Gunda

Ebhart, an Austrian prosecutor. Plaintiffs allege that Defendants engaged in a scheme that included acting on information provided to police by a witness, obtaining a search warrant for Plaintiffs' house in Austria, conducting a search and seizing property belonging to Plaintiffs, conducting various investigations of Plaintiffs, filing official reports regarding Plaintiffs, threatening Plaintiffs with prosecution, and charging them with crimes. Plaintiffs allege that the witness's information was false, that Defendants' actions were baseless and illegal, that the reports they filed were false, and that their actions were part of a scheme to extort money from Plaintiffs and improperly misappropriate Plaintiffs' property for the personal benefit of the Defendants.

The Court's Order dismissing the amended complaint discussed the application of the act of state doctrine to Plaintiffs' claims and concluded that dismissal was required. *See* (Doc. 73, at 7-12). That discussion is incorporated herein. Plaintiffs' second amended complaint uses somewhat different language and points of emphasis, but essentially tells the same story and alleges the same scheme of extortion and theft involving the Austrian police and prosecutors. It adds assertions that Defendants' actions took place while they were off duty and were "not related to their official duties," and that the police and prosecutor's offices were used by Defendants as "cover" for their illegal activities. But these conclusory assertions are belied by the inherent nature of the alleged actions themselves as exercises of sovereign power. *See* (Doc. 73, at 9-11).[1] Adjudicating Plaintiffs' claims

---

[1] Underscoring the inherently sovereign nature of the actions at issue, Plaintiffs allege that the Republic of Austria, by refusing to investigate Plaintiffs' allegations and by

would require this Court to declare that the alleged acts of Defendants and others described above – ostensibly exercises of the sovereign police power carried out in Austria – were in fact invalid because they were tortious and illegal under Austrian and/or American law.  As such, Plaintiffs' suit is precluded by the act of state doctrine under the authorities set forth in the Court's prior Order.[2]  Because further amendment would be futile, the second amended complaint is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED, and DECREED** that:

1. "Defendants' Motion to Dismiss Second Amended Complaint for (1) Lack of Subject Matter Jurisdiction and Act of State Doctrine, (2)

---

misappropriating the "loot" obtained by the illegal seizure, is itself responsible for the actions of Defendants.  In a separate action in this District, Plaintiffs have sued the Republic of Austria based on the same events.  *See Dvoinik v. Republic of Austria*, No. 8:22-cv-1700-CEH-SPF (M.D. Fla.).  In fact, Plaintiffs have now filed five related lawsuits in three different federal districts.  They filed suit in the Southern District of Florida against Defendants Rabl and Susanne Hoflinger, alleging that some of the same actions alleged in this case constitute invasion of privacy, defamation, and intentional infliction of emotional distress.  *See Dvoinik v. Rabl*, No. 1:22-cv-24226-JEM (S.D. Fla).  They filed suit in this District against Defendants' counsel in this case and another lawyer licensed in Florida, alleging violations of the Foreign Agent Registration Act ("FARA") and other improper activities.  *See Dvoinik v. Rolff,* No. 8:23-cv-623-KKM-CPT, 2023 WL 3276398 (M.D. Fla. May 5, 2023).  Judge Mizelle dismissed that suit, ruling that FARA provided no private cause of action.  *Id.*  On May 19, 2023, Plaintiffs filed a similar suit against the same defendants in the Southern District of New York, which the New York district court quickly transferred to the Southern District of Florida.  *See Dvoinik v. Rolff,* No. 23-CV-4216 (LTS), 2023 WL 3983841 (S.D.N.Y. May 22, 2023); *Dvoinik v. Rolff*, No. 1:23-cv-22289-JEM (S.D. Fla.).

[2] Defendants' motion to dismiss raises substantial questions regarding the sufficiency of service of process, personal jurisdiction, and whether the complaint states a claim for relief.  Because the act of state doctrine precludes Plaintiffs' claims, the Court declines to address the other grounds for dismissal.

Shotgun Pleading, (3) Lack of Personal Jurisdiction, (4) Failure to State a Cause of Action, and (5) Insufficient Service of Process, and Incorporated Memorandum" (Doc. 77) is **GRANTED.**

2. The second amended complaint (Doc. 76) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of June, 2023.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**