## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

Elena Dvoinik
Plaintiff
Boris Zavadovsky
Plaintiff
-v-
Dr. Peter Philipp
Defendant
Mario Rabl
Defendant
Susanne Höflinger
Defendant
Thomas Höflinger
Defendant
Dr. Gunda Ebhart
Defendant

Case No. 8:22-cv-01127-TPB-CPT

**Plaintiffs' Motion for Sanctions against Defendants' Ebhart, Rabl, S. Höflinger, T.Höflinger counsel Mr. Dale Webner, his Partner Ms. Rebecca Miller, law firm Miller&Webner P.A., Defendants Mario Rabl, Susanne Höflinger, for violating of Rule 11 (b) Civ. Proc. C., Rule 3.03 Local Rules, 914.22;837.06;837.02 of Florida Statute, 18 U.S. Code § 1956 (a)(1)(B) Section 4-1.2(d), 4-3.3 (a)(4) , 4-1.16 (a) R. Regul. Florida Bar.**

HEREBY, Plaintiffs move for Rule 11 R.Civ.P. Sanctions against Defendants' Ebhart, Rabl, S. Höflinger, T.Höflinger counsel Mr. Dale Webner, his Partner Ms. Rebecca Miller, law firm Miller&Webner P.A., Defendants Mario Rabl, Susanne Höflinger as following:

1. Violating of Rule 3.03 Local Rules for the US District Court for the Middle District of Florida (Local Rules).

According to subdivision

(a) DISCLOSURE STATEMENT. With the first appearance, each party must file a disclosure statement identifying:

> (1) each person — including each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity — that has or might have an interest in the outcome;

Mr. Webner willfully and knowingly failed to disclose in his statement [Docket Document 24 Filed 08/29/22 Page 1 of 3] the names of the Republic of Austria, John Dou Austrian principal (ex. Austrian embassy), who hired him in August 2022 and paid him through the intermediary, liaison officer and foreign agent Ms. Elke Rolff, so-called "Trusted lawyer of the Austrian Ministry of Foreign Affairs in U.S.", acting for many years as a foreign agent of Austrian governmental entities and other foreign principals under the cover of a Florida Bar license and systematically violating the provisions of the FARA Act. [EXHIBIT 1, screenshot of Austrian Ministry of Foreign Affairs webpage].

Mr. Webner introduced himself (from August 28, 2022 to October , 2022) as an exclusively Defendant's Philipp attorney, conducted negotiations with the Plaintiffs, concealing the fact that he served the interests of the Republic of Austria and its officials as a foreign agent, and

deceived the Plaintiffs. In particular he offered the Plaintiffs to hire him as a lead counsel in case *8:22-cv-01700-CEH Dvoinik at al v Republic of Austria.*

2. Tampering with the victims in violation of 914.22 Florida Statutes.

Mr. Webner since October 2022 repeatedly and continuously humiliated the Plaintiffs and threatened the Plaintiffs with reprisals from the Austrian special services in the United States and with reprisals from U.S. authorities at the request of Austrian embassy, which allegedly :"has influential connections in all structures of U.S. authorities» if the Plaintiffs did not withdraw all their complaints.

3. Violation of Section 837.06 of Florida St. False statement to the Court.

In his Motion to dismiss Mr Webner, acting willfully and knowingly, made a false statement to the Court about material fact: [Document 77 Filed 04/24/23 Page 3 of 25 PageID 1350].

Mr. Webner stated:

*[...this case and 2 of the other related cases, one against the Republic of Austria and one against two of the same Austrian police Defendants being sued herein, all arise out of an Austrian search warrant, issued by an Austrian court for the search of Plaintiffs' Austrian house, related to criminal proceedings pending against Plaintiffs in Austria...]*

It is well known to him, that no criminal proceedings never in Austria no anywhere else are pending against Plaintiffs. All investigations regarding house search are terminated in July 2022. [Exhibit 4,5 Investigation's termination report.]. Mr. Webner specially discussed it with Plaintiffs in August 2022, and with Plaintiffs and Austrian agent and liaison officer Ms. Elke Rolff in November 2022.

The Plaintiffs are accused by Gunda Ebhart (RICO actor and co-defendant in the related case) solely with alleged forgery of bills/receipts of Edward Beiner, Nathan Hershkowitz, NYU, LRMC, based solely on investigations, conducted in December 2022 by Mario Rabl and Susanne Hoeflinger in Florida and New York and their falsified results.

As evidence, Gunda Ebhart will cite only the Report of Mario Rabl [Docket Document 21 Entered on FLSD Docket 04/03/2023 Page 14-17 of 70], which sets out the so-called results of the interrogation of US witnesses.

The accusations of Gunda Ebhart are not related to Plaintiffs' house search warrant. Austrian police didn't seize the bills/receipts of Edward Beiner at al.

Edward Beiner, Nathan Hershkowitz, NYU, LRMC firmly deny, that they ever confirmed the facts of Zavadovsky/Dvoinik receipts forgery, as well as the fact of any official investigations, conducted by U.S. authorities or Austrian authorities pertaining Plaintiffs case matters.

Although, Mr Webner made a false statement with intent to represent the Plaintiffs in false light and to deceive the Court.

4. Susanne Höflinger, Mario Rabl committed perjury, their attorney Mr. Webner assisted them in committing perjury in violation of Section 837.02 of Florida Statute.

Susanne Höflinger with intent to deceive the Court (in particular regarding subject matter and personal jurisdiction) made under oath to the Court in her affidavit from April 24, 2023 the false statement about material fact [Docket 77-2 Filed 04/24/23 Page 3 of 5 PageID 1381, Paragraph 8]

She stated:

"...8. Contacts with any of entities alleged and identified by Plaintiffs in Paragraph 94 and 99 of the Second Amended Complaint were not performed by me, but were performed by a U.S. agency on the basis of a request for mutual international police assistance submitted by the Austrian authority...".

Mario Rabl with intent to deceive the Court (in particular regarding subject matter and personal jurisdiction) made under oath to the Court in his affidavit from April 24, 2023 the false statement about material fact [Docket Document 77-1 Filed 04/24/23 Page 3 of 6 PageID 1375, Paragraph 8,9].

He stated:

"...8. Contacts with any of entities alleged and identified by Plaintiffs in Paragraph 94 and 99 of the Second Amended Complaint were not performed by me, but were performed by a U.S. agency on the basis of a request for mutual international police assistance submitted by the Austrian authority.

9. The Report attached to the Second Amended Complaint as Exhibit 5 was prepared by me as a police officer in Austria, but as stated in Paragraphs 7,8 above, it was not based on any investigation conducted by me nor does the Report say that I conducted the investigation in the U.S; instead I am simply reporting information that was either contained in the documents recovered in the search of Plaintiffs' house in Austria or information that we received from the U.S. Agency involved with the mutual international police assistance discussed in paragraph 8 above...".

Mr. Dale Webner, Defendants' Rabl and S. Höflinger lead counsel of record, as an Attorney and the member of Florida Bar is or should be an expert of law.

As an expert of law, he knows or should know, that the fact of involvement of any U.S. agency in the U.S. investigations against Plaintiffs, described in Mario's Rabl report [Docket Document 76 Filed 04/10/23 Page 63-69] is not true and can not to be true. It's a lie.

There are only two options under which the US authorities could investigate the Plaintiffs, interview witnesses and request documents in the scope of mutual police assistance with Austrian authorities.

**Option A** –conducting legal investigation in accordance with US-Austrian Treaty on Mutual Legal Assistance in Criminal Matters.

**Option B** -conducting illegal investigation.

Tertium non datur.

<u>No legal investigations in accordance with US-Austrian Treaty on Mutual Legal Assistance in Criminal Matters were conducted by any U.S. agencies.</u>

No illegal investigations were conducted by any U.S. agency. If it were true, there would be some other evidence to support these statements besides the testimony of Mario Rabl and Susanne Hoeflinger. No such evidence does exist in either Austria or the United States. There is not a single document, not a single official record, confirming the involvement of any US authorities or Austrian authorities in so-called "US investigations against Plaintiffs ". There are also no witnesses of U.S. authorities' activities or Austrian authorities' activities regarding investigations against the Plaintiffs in the United States, based on which results of the Defendant Ebhart charged Plaintiffs with forgery of U.S. Nathan's Hershkowitz, Edward's Beiner, LRMC's and NYU's bills in Austria.

Allegedly forfeited bills of "American doctors", Nathan Hershkowitz, Edward Beiner, LRMC and NYU do not exist in nature. The Austrian police did not seize them when they searched the house.

The data of all these persons was stolen from Plaintiffs PC's. Based on this information, in December 2021, the Defendants and their accomplices fabricated false evidence electronically.

The **only evidence** is the Mario's Rabl report from January 7, 2022 [Docket Document 76 Filed 04/10/23 Page 63-69] containing fabricated results of their witness's interrogation in U.S., which allegedly confirmed the facts of U.S. medical bills forgery; committed b Boris Zavadovsky and Elena Dvoinik.

The Plaintiffs repeatedly reported over the course of several months to the Middle District Court and to the Southern District Court in writing, as well as to attorney Webner personally both orally and in writing, that no investigations in the United States or in Austria were carried out by the US authorities or Austrian authorities against Plaintiffs pertaining all charges. Mr. Webner had enough time and opportunity to verify the accuracy of the plaintiffs' testimony.

It is well known to him: if the US authorities were actually to conduct any baseless investigative activities and interview witnesses, as it stated in Mario's Rabl report [Docket Document 76 .Filed 04/10/23 Page 63-69] and Defendants' Rabl and Susanne Höflinger affidavits, it would constitute a due process violation, which offends the rule of law.

Given the fact that the United States is a state of law where the rule of law prevails, and also given the amount of damage that the United States would have to compensate the Plaintiffs

in the event of a violation of the principle of due process against them by the plaintiffs, and the punishment that violators would have to suffer, the very assumption of what - or the unlawful participation of the US authorities in an unlawful investigation that led to the complete destruction of the plaintiffs' business reputation and the destruction of their business is absurd.

However, the Defendants statements are false, U.S. authorities didn't violate the law. Mr. Webner's clients shamelessly lied about U.S. agencies investigative involvement with the intent to deceive the Court.

Defendants S.Höflinger and M.Rabl committed perjury. Mr. Webner willfully and knowingly cooperating with his clients, filed affidavits, containing deliberately false fraudulent statement with the Court.

### 5. 18 U.S. Code § 1956 (a)(1)(B) (i) Laundering of monetary instruments .

Defendants Ebhart, Höflinger S.; Höflinger T., Mario Rabl did not retain Mr. Webner or his law firm to represent them in the present case and did not pay for his legal services. Ms. Elke Rolff hired Mr. Webner, paid him and conveyed him to intimidate the Plaintiffs and to intervene into all related law suits, serving the interests of RICO Enterprice . Mr. Webner agreed to act as foreign agent of Elke Rolff, so-called trusted counsel of the Republic of Austria in US, and as a foreign agent of The Republic of Austria (RoA) itself ,Austrian John Dou, Austrian RICO Enterprise, Peter Philipp, Gunda Ebhart, Susanne Höflinger, Thomas Höflinger, Mario Rabl. Mr. Webner is aware that the funds that paid for his services were stolen from the Austrian budget. Mr. Webner refused to register with Attorney General in accordance with FARA provisions. Mr. Webner, knowing that the property, involved in a

8

financial transaction represents the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involves the proceeds of specified unlawful activity (FCPA, FARA violation) with the intent to promote the carrying on of specified unlawful activity (FARA violation, 18 U.S.C. §1512) ; and knowing that the transaction is designed in whole or in part - to conceal or disguise the nature, the location, the source, the ownership. He committed this predicate act from 08/15/2022 until present many times.

Memorandum of law.

Rule 4-1.2(d), Rules Regulating The Florida Bar, prohibits a lawyer from assisting a client in conduct the lawyer knows or reasonably should know is criminal or fraudulent.

Subdivision 4-3.3(a)(4) of the Florida Bar Rules of Professional Conduct requires that the lawyer refuse to offer evidence that the lawyer knows to be false, regardless of the client's wishes. This duty is premised on the lawyer's obligation as an officer of the court to prevent the trier of fact from being misled by false evidence If a lawyer knows that the client intends to testify falsely or wants the lawyer to introduce false evidence, the lawyer should seek to persuade the client that the evidence should not be offered. If the persuasion is ineffective and the lawyer continues to represent the client, the lawyer must refuse to offer the false evidence. The prohibition against offering false evidence only applies if the lawyer knows that the evidence is false. A lawyer's reasonable belief that evidence is false does not preclude its presentation to the trier of fact. The rule generally recognized is that, if necessary to rectify the situation, an advocate must disclose the existence of the client's deception to the court. Such a disclosure can result in grave consequences to the client, including not only a sense of betrayal but also loss of the case and perhaps a prosecution for perjury. But the alternative is that the lawyer cooperates in deceiving the court, thereby subverting the truth-finding process

9

that the adversary system is designed to implement. A lawyer may not assist the client or any witness in offering false testimony or other false evidence, nor may the lawyer permit the client or any other witness to testify falsely in the narrative form unless ordered to do so by the tribunal. If a lawyer knows that the client intends to commit perjury, the lawyer's first duty is to attempt to persuade the client to testify truthfully. If the client still insists on committing perjury, the lawyer must threaten to disclose the client's intent to commit perjury to the judge. If the threat of disclosure does not successfully persuade the client to testify truthfully, the lawyer must disclose the fact that the client intends to lie to the tribunal and, per 4-1.6, information sufficient to prevent the commission of the crime of perjury.

Although it was well known to Mr. Webner, that his clients intended to commit perjury making the false statement regarding alleged participation of John Dou U.S. agencies in plaintiffs U.S. investigations, he didn't attempt to persuade his clients to testify truthfully. He didn't disclose the clients' intent to the Court.

Instead of this Mr. Webner, acting willfully and knowingly cooperated with his clients and assisted his clients, Defendant Susanne Hoflinger in filing of her affidavit from 04.24.2023 and Mario Rabl in filing of his affidavit, from 04.24.2023 and making under oath in an official proceeding a false statement about the material fact, which they do not believe to be true. Thus, he assisted his clients in committing perjury.

A lawyer may not assist a client in conduct that the lawyer knows or reasonably should know to be criminal or fraudulent. There is a critical distinction between presenting an analysis of legal aspects of questionable conduct and recommending the means by which a crime or fraud might be committed with impunity. When the client's course of action has already begun and is continuing, the lawyer's responsibility is especially delicate. The lawyer is required to avoid

assisting the client, for example, by drafting or delivering documents that the lawyer knows are fraudulent or by suggesting how the wrongdoing might be concealed. A lawyer may not continue assisting a client in conduct that the lawyer originally supposed was legally proper but then discovers is criminal or fraudulent. The lawyer must, therefore, withdraw from the representation of the client in the matter.

Pursuant Rule 4-1.16 (a) R. Regul. Florida Bar,

[...**Lawyer Must Decline or Terminate Representation.** [citate omitted] a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:**(1)** the representation will result in violation of the Rules of Professional Conduct or law [citate omitted] **4)** the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or**(5)** the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud...]

In violation of these provisions Mr. Webner continues to represent his clients and assist them in their fraudulent and criminal defense strategy.

The Court's authority to issue sanctions based upon this purported conduct is not predicated upon a determination of criminal guilty of violating of these statutes but instead upon the Court's inherent power. Indeed, as the United States Supreme Court has recognized, the authority to sanction parties for bad faith litigation misconduct stems not only from the Federal Rules of Civil Procedure and the United States Code, but also from the Court's inherent power to effectively manage its affairs by punishing and deterring abuses of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). Thus, Courts may exercise their inherent power to impose sanctions in response to abusive litigation practices. Link v. Wabash Railroad Co., 370 U.S. 626, 632, (1962); see also Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010). Such inherent power may be appropriately exercised particularly where a party "commits perjury or ... doctors evidence" that "relates to the pivotal or

'linchpin' issue in the case." Qantum Commc'ns. Corp. v. Star Broad., Inc., 473 F. Supp. 2d 1249, 1269 (S.D. Fla. 2007) (citing Vargas v. Peltz, 901 F. Supp. 1572, 1581-82 (S.D. Fla. 1995)).

Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state: By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . . Fed. R. Civ. Pro. 11(b)(1), 11(b)(3). Additionally, Federal Rule of Civil Procedure 11(c)(1) provides the following: If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1).

WHEREFORE, based on the forgoing, Plaintiffs respectfully ask the Court to grant their Motion for Sanctions pursuant Rule 11 (b) R.Civ.P., holding Defendants Susanne Höflinger, Mario Rabl and their counsel Dale Webner in criminal contempt of this Court and/or Imposing any other sanctions that this Court determines to be proper.

Dated June 13 , 2023

By *ELENA DVOINIK*

Elena Dvoinik

By *BORIS ZAVADOVSKY*

Boris Zavadovsky

+1(646) 287-94-81

elena.dvoinik@yahoo.com

12

## CERTIFICATE OF GOOD FAITH CONFERENCE

WE HEREBY CERTIFY, that pursuant to M.D. Fla. L.R. 3.01(g) we transmitted the copy of this notice to Denefdant Dr. Phillipp via email kanzlei@law-philipp.at and to attorney of Defendants Ebhart, Rabl, Höflinger T, Höflinger S, Mr. Dale Webner, via email dwebner@millerwebner.com on 06/13/2023.

The Defendants and Defendants' Hoflinger, Hoflinger, Rabl, Ebhart counsel Mr. Webner refused to response any way. Defendants counsel refused to provide power of attorney and attorney agreements with his clients.

Dated July 05, 2023

By *ELENA DVOINIK*

Elena Dvoinik

By *BORIS ZAVADOVSKY*

Boris Zavadovsky

+1(646) 287-94-81

elena.dvoinik@yahoo.com

13

*EXHIBIT 1*

DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case 1:22-cv-24226-JEM

Plaintiffs: E.Dvoinik, B.Zavadovsky

Defendants: M. Rabl, S.Höflinger,

## **AFFIDAVIT OF ELENA DVOINIK**

I, ELENA DVOINIK , being duly sworn, state following:

1. Beginning from October 3th , 2022 Mr. Dale Webner many times demanded that my husband and I withdraw all complaints against all Austrian Defendants including the Republic of Austria, whether or not the Defendants inflicted harm on us.

2. If we refuse to withdraw our claims, Mr. Webner threatened us with:

- Reprisals against my husband and me from the Republic of Austria on the Austrian soil.

- Reprisals against my husband and me from the Austrian special services in the United States.

- Reprisals against my husband and me from the U.S. Authorities at the request of Austrian agents and it's embassy in Washington D.C.

3. Mr. Webner also told me and my husband:

(1)Austrian Ministry of Foreign Affairs and Austrian Embassy have influential connections in all structures of U.S. Government, including Legislative, Executive and Judicial. He personally, Ms. Elke Rolff and other persons, who act on behalf of the Republic of Austria, will use all connections in the U.S. Government in order to destroy us.

(2)Mr. Webner's legal services are being paid off by Ms. Elke Rolff, Austrian governmental counsel in the U.S., and Austrian Embassy. Austria's financial resources are not limited. He will delay processes and increase their costs as much as possible.

(3)He and Ms. Rolff are the top litigation Attorneys in the U.S. with highly expensive attorney's fees, and we would have to reimbursed all their expanses, if we will not withdraw all complaints immediately .

(4)We have to withdraw all complaints "until it is too late".

4.  My husband and I participated in Zoom conference together with Mr. Webner and Ms. Elke Rolff on November 21, 2022. Mr. Webner introduced Ms. Rolff as a counsel of the Republic of Austria. Ms. Rolff introduced herself as a counsel, liaison officer, trusted lawyer of the Republic of Austria and its Government.

5.  Ms. Rolff told us, that The Republic of Austria takes responsibility for the actions of Gunda Ebhart, Susanna Haeflinger, Thomas Haeflinger, Mario Rabl, committed against me, my husband and our property.

6.  Ms Rolff told us, that she has the authority to represent the interests of Austria and all its governmental agencies throughout the United States.

7.  Ms. Rolff told us, that she has an authority to arrange settlement agreements on behalf of the Republic of Austria.

8. Ms. Rolff told us : "The Republic of Austria is covering up all legal expenses for Defendants' Hoflinger, Rabl, Ebhart".

9. We informed Ms. Rolff, that we are ready to settle, if we will get back our property, which Austria continues illegally withhold, and also if we will be reasonably compensated for damages.

10. Ms. Rolff told, she is ready to discuss settlement options, if we will provide evidence. In this light my husband and I agreed to provide evidence [documents and physical objects] and agreed to arrange to stay discovery in Case 8:22-cv-01127-TPB-CPT until the Court's decision pertaining Motion to Dismiss.

11. In January 2023 we provided a lot of Electronic stored information as evidence to Mr. Webner and Ms. Rolff and offered the inspection of physical evidence. We also disclosed our witnesses' names.

12. Ms. Rolff failed to response in any way.

13. Mr. Webner told us: Mr. Rolff is not an Austrian counsel; she is not a liaison officer of the Republic of Austria. She is German-speaking co-counsel, who helps him with translations from German. She is de facto the German interpreter, that's all.

14. Mr. Webner refused to produce power of attorney, any attorney agreements, bills, receipts and bank statements pertaining his and Ms. Rolff representation of Defendants in case 1:22-cv-24226 JEM and in related cases.

15. Mr. Webner confirmed, that neither he nor Ms. Rolff were ever registered with the Attorney General as foreign agents, in accordance with the FARA provisions.

16. Mr. Webner confirmed, that Ms. Rolff has no accreditation in the Middle District Court of Florida, there are 2 our cases are pending.

17. Mr. Webner confirmed, that neither he no Ms. Rolff were authorized to represent the Republic of Austria by the special Austrian Authority (FINANZPROCURATUR), which written Confirmation is required for such representations pursuant Austrian Law.

18. Despite our multiple requests Mr. Webner refused to produce any written power of attorney from any Defendants, including the Republic of Austria.

19. During the Zoom conference on March 12, 2023  with me and my husband, he refused to reveal the financing source, covering his and Ms. Rolff expenses pertaining all our law suits.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

ELENA DVOINIK _____          7.03.2023

NOTARY PUBLIC

_Diane Castellano_

DIANE CASTELLANO
Notary Public - State of Florida
Commission # HH 364525
My Comm. Expires Feb 20, 2027

TAMPA, Hillsborough County

DATE: 7|3|2023

EXHIBIT 2

DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case 1:22-cv-24226-JEM

Plaintiffs: E.Dvoinik, B.Zavadovsky

Defendants: M. Rabl, S.Höflinger,

## **AFFIDAVIT OF BORIS ZAVADOVSKY**

I, BORIS ZAVADOVSKY, being duly sworn, state following:

1. Beginning from  October 3th , 2022 Mr. Dale Webner many times demanded that my wife
   and I withdraw all complaints against all Austrian Defendants including the Republic of
   Austria, whether or not the Defendants inflicted harm on us.
2. If we refuse to withdraw our claims, Mr. Webner threatened us with:
- Reprisals against my wife and me from the Republic of Austria on the Austrian soil.
- Reprisals against my wife and me from the Austrian special services in the United States.
- Reprisals against my wife and me from the U.S. Authorities at the request of Austrian
  agents and it's embassy in Washington D.C.
3. Mr. Webner also told  me and my wife:

(1)Austrian Ministry of Foreign Affairs and Austrian Embassy have influential connections in all

structures of U.S. Government, including Legislative, Executive and Judicial. He personally, Ms.

Elke Rolff and other persons, who act on behalf of the Republic of Austria, will use all connections in the U.S. Government in order to destroy us.

(2)Mr. Webner's legal services are being paid off by Ms. Elke Rolff, Austrian governmental counsel in the U.S., and Austrian Embassy. Austria's financial resources are not limited. He will delay processes and increase their costs as much as possible.

(3)He and Ms. Rolff are the top litigation Attorneys in the U.S. with highly expensive attorney's fees, and we would have to reimbursed all their expanses, if we will not withdraw all complaints immediately .

(4)We have to withdraw all complaints "until it is too late".

4.  My wife and I participated in Zoom conference together with Mr. Webner and Ms. Elke Rolff on November 21, 2022. Mr. Webner introduced Ms. Rolff as a counsel of the Republic of Austria. Ms. Rolff introduced herself as a counsel, liaison officer, trusted lawyer of the Republic of Austria and its Government.

5.  Ms. Rolff told us, that The Republic of Austria takes responsibility for the actions of Gunda Ebhart, Susanna Haeflinger, Thomas Haeflinger, Mario Rabl, committed against me, my wife and our property.

6.  Ms Rolff told us, that she has the authority to represent the interests of Austria and all its governmental agencies throughout the United States.

7.  Ms. Rolff told us, that she has an authority to arrange settlement agreements on behalf of the Republic of Austria.

8.  Ms. Rolff told us : "The Republic of Austria is covering up all legal expenses for Defendants' Hoflinger, Rabl, Ebhart".

9.  We informed Ms. Rolff, that we are ready to settle, if we will get back our property, which Austria continues illegally withhold, and also if we will be reasonably compensated for damages.

10. Ms. Rolff told, she is ready to discuss settlement options, if we will provide evidence. In this light my wife and I agreed to provide evidence [documents and physical objects] and agreed to arrange to stay discovery in Case 8:22-cv-01127-TPB-CPT until the Court's decision pertaining Motion to Dismiss.

11. In January 2023 we provided a lot of Electronic stored information as evidence to Mr. Webner and Ms. Rolff and offered the inspection of physical evidence. We also disclosed our witnesses' names.

12. Ms. Rolff failed to response in any way.

13. Mr. Webner told us: Mr. Rolff is not an Austrian counsel; she is not a liaison officer of the Republic of Austria. She is German-speaking co-counsel, who helps him with translations from German. She is de facto the German interpreter, that's all.

14. Mr. Webner refused to produce power of attorney, any attorney agreements, bills, receipts and bank statements pertaining his and Ms. Rolff representation of Defendants in case 1:22-cv-24226 JEM and in related cases.

15. Mr. Webner confirmed, that neither he nor Ms. Rolff were ever registered with the Attorney General as foreign agents, in accordance with the FARA provisions.

16. Mr. Webner confirmed, that Ms. Rolff has no accreditation in the Middle District Court of Florida, there are 2 our cases are pending.

17. Mr. Webner confirmed, that neither he no Ms. Rolff were authorized to represent the Republic of Austria by the special Austrian Authority (FINANZPROCURATUR), which written Confirmation is required for such representations pursuant Austrian Law.

18. Despite our multiple requests Mr. Webner refused to produce any written power of attorney from any Defendants, including the Republic of Austria.

19. During the Zoom conference on March 12, 2023  with me and my wife, he refused to reveal the financing source, covering his and Ms. Rolff expenses pertaining all our law suits.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

BORIS ZAVADOVSKY _____ 07.03.2023

NOTARY PUBLIC

DIANE CASTELLANO
Notary Public - State of Florida
Commission # HH 364525
My Comm. Expires Feb 20. 2027

TAMPA, Hillsborough County

DATE: 7|3|2023

15 St 64/21K-2
Please see the above business
Number in all entries

Public Prosecutor's Office Vienna
Neustadt Neunkirchner Straße
17 2700 Wiener Neustadt
Phone: +43 (0)2622 21510 396305

MMag. Norbert HASLHOFER
Vogelsanggasse 38/7
1050 Vienna

Personal expressions in this letter represent each gender equally.

**CRIMINAL CASE:**
AGAINST:

**2. Defendant:**
Boris Zavadovsky
born: 31.10.1951
 at all
represented by:
MMag. Norbert HASLHOFER
Attorney
Vogelsanggasse 38/7
1050 Vienna
Phone: 5471552, Fax: 01547155289

DUE TO: §§ 146, 147 (1) Z 1 ; Section 223 (1) of the Criminal Code; §§ 223 (1), 223 (2), 224 ; Section 229
(1) of the Criminal Code

8 July 2022

NOTIFICATION of the defense counsel
about the termination of the proceedings

The Public Prosecutor's Office has terminated the investigation against the following person:
Name: **Boris Zavadovsky, Born 31.10.1951**
Report Case N: Niederösterreich LKA EB 5 (BE)
Schanze 7
3100 St. Pölten
**Sign.:** PAD/21/01145176

 Within 14 days, you may request a list of reasons, facts and considerations on which basis the investigation
was terminated. As a follow up, you will receive a written summary of the reasons for investigations
termination.
**The termination** was made with **regard to:** • the all facts not included in the criminal complaint.
The termination was carried out in accordance with § 190 (2) of the Code of Criminal Procedure because
there is no actual reason for further prosecution.

238 015 ST*** 000064 2021k VT* 002 001 00082 F7Z7 S3 Page 1

**15 St 64/21K-2**

Public Prosecutor's Office Wiener Neustadt
Business Department 15 Dr.
Gunda EBHART (PUBLIC PROSECUTOR)

Electronic copy according to § 79 GOG

238 015 ST*** 000064 2021k VT* 002 001 00082 F7Z7 S3 *** Page1

TRANSLATED FROM GERMAN INTO ENGLISH
ON *06/04/2023* in TAMPA, Fla.
LEGAL DOCUMENT PREPARATION & IMMIGRATION SERVICE LLC
L22000530460
(813)336-26-54
*LDPIS*



**15 St 64/21k - 2**

**Staatsanwaltschaft Wiener Neustadt**
Neunkirchner Straße 17
2700 Wiener Neustadt
Tel.: +43 (0)2622 21510 396305

Bitte obige Geschäftszahl
in allen Eingaben anführen

MMag. Norbert HASLHOFER
Vogelsanggasse 38/7
1050 Wien

Personenbezogene Ausdrücke in diesem Schreiben umfassen jedes Geschlecht gleichermaßen.

**STRAFSACHE:**

GEGEN:

**1. Beschuldigte/r:**
Boris Zavadovsky
geb. 31.10.1951

ua

**vertreten durch:**
MMag. Norbert HASLHOFER
Rechtsanwalt
Vogelsanggasse 38/7
1050 Wien
Tel.: 5471552, Fax: 01547155289

WEGEN: §§ 146, 147 (1) Z 1 StGB; § 223 (1) StGB; §§ 223 (1), 223 (2), 224 StGB; § 229 (1) StGB

8. Juli 2022

**BENACHRICHTIGUNG**
**der Verteidigerin/des Verteidigers**
**von der Einstellung des Verfahrens**

Die Staatsanwaltschaft hat das Ermittlungsverfahren gegen folgende Person eingestellt:

| | |
|---|---|
| **Name:** | **Boris Zavadovsky, geb. 31.10.1951** |
| **Bericht durch:** | Niederösterreich LKA EB 5 (BE) |
| | Schanze 7 |
| | 3100 St. Pölten |
| **Zeichen:** | PAD/21/01145176 |

Sie können binnen 14 Tagen eine Begründung verlangen, aufgrund welcher Tatsachen und Erwägungen die Einstellung erfolgte. Aufgrund dieses Antrags werden Sie eine schriftliche Zusammenfassung der Gründe der Einstellung erhalten.

Die **Einstellung** erfolgte nur hinsichtlich:
• die nicht vom eingebrachten Strafantrag umfassten Fakten

Die Einstellung erfolgte gemäß § 190 Z 2 StPO, weil kein tatsächlicher Grund zur weiteren Verfolgung besteht.

15 St 64/21k - 2

> Staatsanwaltschaft Wiener Neustadt
> Geschäftsabteilung 15
>
> Dr. Gunda EBHART
> (STAATSANWÄLTIN)

Elektronische Ausfertigung
gemäß § 79 GOG

*EXHIBIT 4*

**15 St 64/21K-2**
Please see the above business
Number in all entries
Public Prosecutor's Office Vienna
Neustadt Neunkirchner Straße
17 2700 Wiener Neustadt
Phone: +43 (0)2622 21510 396305

MMag. Norbert HASLHOFER
Vogelsanggasse 38/7
1050 Vienna

Personal expressions in this letter represent each gender equally.

**CRIMINAL CASE:**
AGAINST:

**2. Defendant:**
Elena Dvoinik
born: 14.06.1980
at all
represented by:
MMag. Norbert HASLHOFER
Attorney
Vogelsanggasse 38/7
1050 Vienna
Phone: 5471552, Fax: 01547155289

ACCORDING TO: §§ 146, 147 (1) Z 1 ; Section 223 (1) of the Criminal Code; §§ 223 (1), 223 (2), 224 ;
Section 229 (1) of the Criminal Code

8 July 2022

**NOTIFICATION of the defense counsel**
**about the termination of the proceedings**

The Public Prosecutor's Office has terminated the investigation against the following person:
Name: **Elena Dvoinik, Born 14.06.1980**
Report Case N: Niederösterreich LKA EB 5 (BE)
Schanze 7
3100 St. Pölten
**Sign.:** PAD/21/01145176

Within 14 days, you may request a list of reasons, facts and considerations on which basis the investigation
was terminated. As a follow up, you will receive a written summary of the reasons for investigations
termination.
**The termination** was made **with regard to:** • the all facts not included in the criminal complaint.
The termination was carried out in accordance with § 190 (2) of the Code of Criminal Procedure because
there is no actual reason for further prosecution.

238 015 ST*** 000064 2021k VT* 002 001 00082 F7Z7 S3 Page 1

**15 St 64/21K-2**

Public Prosecutor's Office Wiener Neustadt
Business Department 15 Dr.
Gunda EBHART (PUBLIC PROSECUTOR)

Electronic copy according to § 79 GOG

238 015 ST*** 000064 2021k VT* 002 001 00082 F7Z7 S3 *** L Side

```
TRANSLATED FROM GERMAN INTO ENGLISH
ON 06/04/2023 in TAMPA, Fla.
LEGAL DOCUMENT PREPARATION & IMMIGRATION SERVICE LLC
L22000530460
(813)336-26-54
LDPIS
```

15 St 64/21k - 2



**Staatsanwaltschaft Wiener Neustadt**
Neunkirchner Straße 17
2700 Wiener Neustadt
Tel.: +43 (0)2622 21510 396305

Bitte obige Geschäftszahl
in allen Eingaben anführen

MMag. Norbert HASLHOFER
Vogelsanggasse 38/7
1050 Wien

Personenbezogene Ausdrücke in diesem Schreiben umfassen jedes Geschlecht gleichermaßen.

**STRAFSACHE:**

GEGEN:

**2. Beschuldigte/r:**
Elena Dvoinik
geb. 14.06.1980

ua

**vertreten durch:**
MMag. Norbert HASLHOFER
Rechtsanwalt
Vogelsanggasse 38/7
1050 Wien
Tel.: 5471552, Fax: 01547155289

WEGEN: §§ 146, 147 (1) Z 1 StGB; § 223 (1) StGB; §§ 223 (1), 223 (2), 224 StGB; § 229 (1) StGB

8. Juli 2022

**BENACHRICHTIGUNG**
**der Verteidigerin/des Verteidigers**
**von der Einstellung des Verfahrens**

Die Staatsanwaltschaft hat das Ermittlungsverfahren gegen folgende Person eingestellt:

| | |
|---|---|
| **Name:** | **Elena Dvoinik, geb. 14.06.1980** |
| **Bericht durch:** | Niederösterreich LKA EB 5 (BE) |
| | Schanze 7 |
| | 3100 St. Pölten |
| **Zeichen:** | PAD/21/01145176 |

Sie können binnen 14 Tagen eine Begründung verlangen, aufgrund welcher Tatsachen und Erwägungen die Einstellung erfolgte. Aufgrund dieses Antrags werden Sie eine schriftliche Zusammenfassung der Gründe der Einstellung erhalten.

Die **Einstellung** erfolgte **nur hinsichtlich**:
  •       die nicht vom eingebrachten Strafantrag umfassten Fakten
Die Einstellung erfolgte gemäß § 190 Z 2 StPO, weil kein tatsächlicher Grund zur weiteren Verfolgung besteht.

15 St 64/21k - 2

| |
| --- |
| Staatsanwaltschaft Wiener Neustadt<br>Geschäftsabteilung 15<br><br>Dr. Gunda EBHART<br>(STAATSANWÄLTIN) |

Elektronische Ausfertigung
gemäß § 79 GOG

## 8-22-cv-01127 Rule 11

From:   Elena Dvoinik (elena.dvoinik@yahoo.com)

To:      dwebner@millerwebner.com; kanzlei@law-philipp.at

Date:   Tuesday, June 13, 2023 at 01:45 PM EDT

Good afternoon. This motion will be filed in 21 days with the Court.
Regards,
Zavadovsky
Dvoinik

 Rule 11 Motion RICO.pdf
215kB