**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELENA DVOINIK and
BORIS ZAVADOVSKY,

      Plaintiffs,

v.                                                                  Case No. 8:22-cv-1127-TPB-CPT

DR. PETER PHILIPP, MARIO
RABL, SUSANNE HOFLINGER,
THOMAS HOFLINGER, and DR.
GUNDA EBHART,

      Defendants.

_____/

### <u>ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS</u>

This matter is before the Court on Plaintiffs' motion for sanctions against

Defendants Mario Rabl, Susanne Hoflinger, and Thomas Hoflinger; their counsel,

Dale Webner; Webner's law partner, Rebecca Miller; and Webner's and Miller's law

firm. (Doc. 90). Plaintiffs, who are proceeding *pro se*, filed the sanctions motion on

July 5, 2023. Defendants and counsel moved to strike the motion on July 14, 2023,

and filed a substantive response on July 19, 2023. (Docs. 93; 94). Miller filed a

separate response the same day. (Doc. 95). For the reasons set forth below,

Plaintiffs' motion for sanctions is denied and Defendants' motion to strike is denied

as moot.

### <u>Background</u>

Plaintiffs, foreign citizens living in Florida, filed this action alleging that

Defendants, Austrian governmental officials and employees, acted under cover of

their official positions to extort money from Plaintiffs and misappropriate Plaintiffs'
property for their personal benefit.[1]  Other than perhaps some phone calls and e-
mails to the United States, all of the Defendants' actions alleged by Plaintiffs took
place in the country of Austria.  The Court granted Defendants' motion to dismiss
the amended complaint without prejudice based on the act of state doctrine.  (Doc.
73).  Plaintiffs filed a second amended complaint.  (Doc. 76).  Defendants again
moved to dismiss, and on June 30, 2023, the Court dismissed the second amended
complaint with prejudice.  (Doc. 89).  On July 5, 2023, five days after the dismissal,
Plaintiffs filed their motion for sanctions and then filed a notice of appeal as to the
dismissal order.  (Docs. 90; 91).

## Analysis

Plaintiffs' motion seeks sanctions for alleged misconduct by Defendants and
their counsel during the course of the lawsuit, based on Rule 11 and the Court's
inherent power.[2]  As to Rule 11, Plaintiffs purportedly served the motion on June
13, 2023, and the 21-day safe harbor required by Rule 11(c)(2) before filing a motion
for sanctions had not expired on June 30, 2023, when the Court dismissed the
action.  Accordingly, the motion for sanctions is denied to the extent it relies on Rule

---

[1] The background of this case is set forth in more detail in the Court's prior orders
dismissing the amended complaint and second amended complaint.  *See* (Docs. 73; 89).  The
Court notes that Plaintiffs have filed a nearly identical motion for sanctions in a separate
action pending in the Southern District of Florida against Defendants Rabl and Susanne
Hoflinger, based on some of the same actions alleged in the complaint in this case.  *See*
*Dvoinik v. Rabl*, No. 1:22-cv-24226-JEM (S.D. Fla).

[2] Motions for sanctions typically present issues unrelated to the merits and the district
court therefore retains jurisdiction to rule on them notwithstanding entry of judgment or
the pendency of an appeal.  *See, e.g.*, *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).

11. *See Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1347-49 (11th Cir. 2022) (explaining that a party loses the ability to file a Rule 11 motion if the safe harbor period has not yet expired when the court enters judgment).

It remains then to analyze the motion for sanctions under the Court's inherent power. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). This inherent power is broader than Rule 11 and reaches bad faith conduct outside of the court proceeding itself where the conduct violates a court order or otherwise interferes with the orderly and expeditious conduct of the judicial system. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-58 (1991). The Eleventh Circuit, however, has cautioned restraint and emphasized the power's limited goals:

> The purpose of the inherent power is both to vindicate judicial authority without resorting to contempt of court sanctions and to make the non-violating party whole. The inherent power must be exercised with restraint and discretion. This power . . . is for rectifying disobedience, regardless of whether such disobedience interfered with the conduct of the trial. Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority.

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (citations omitted). With these guidelines in mind, the Court turns to Plaintiffs' allegations of misconduct.

Plaintiffs seek sanctions on the ground that Defendants' counsel Webner failed to disclose the interest of the Republic of Austria in an initial disclosure

statement filed in the case.  Webner, however, disclosed that interest in a later statement, and Plaintiffs offer no evidence the initial omission was in bad faith.

Plaintiffs claim that by representing Defendants in this lawsuit Webner is acting as an agent of the Republic of Austria without registering as one, in violation of the Foreign Agents Registration Act ("FARA").  They made the same allegation in a separate suit in this district, which Judge Mizelle dismissed because FARA does not provide a private cause of action.  *See Dvoinik v. Rolff*, No. 8:23-cv-623-KKM-CPT, 2023 WL 3276398, at *1-2 (M.D. Fla. May 5, 2023).  This issue does not involve bad faith or disobedience to the Court, and Plaintiffs' argument appears to be an attempt to resurrect the dismissed lawsuit, rather than a legitimate basis for sanctions.  This matter is more appropriately considered by the Attorney General, who is authorized by FARA to bring an enforcement action in district court.  *See* 22 U.S.C. § 618(f).

Plaintiffs argue that statements by defense counsel in moving to dismiss the complaint and in supporting affidavits filed by Defendants were false.  Having considered Plaintiffs' arguments and examined the challenged statements, the Court concludes that Plaintiffs have presented no evidence the assertions were false or made in bad faith.  Instead, their arguments appear to reflect typical factual and legal disputes, not a basis for sanctions under the Court's inherent power.

Plaintiffs assert in affidavits that Webner threatened them that if they did not withdraw their claims, there would be reprisals by Austrian and United States governmental authorities, deliberate delay of the proceedings, and running up of

legal costs by the defense, which Plaintiffs would be required to pay. Webner has filed an affidavit unequivocally denying any improper threats.

Improper threats of governmental reprisals and deliberate delay might trigger this Court's discretion to impose sanctions. Here, however, Plaintiffs allege the conduct began occurring in October 2022, yet Plaintiffs waited eight months to bring this matter to the Court's attention. Even accepting Plaintiffs' allegations as true, it does not appear the alleged misconduct had any impact on Plaintiffs or on this litigation. Based on their own filings, they continued to pursue settlement negotiations with Webner and Defendants and, when those negotiations proved unsuccessful, they pursued their claims in this Court until they were dismissed.

Assuming the alleged misconduct occurred, Plaintiffs have not shown that sanctions would be necessary or appropriate to further the goals of punishing disobedience or vindicating the Court's authority. *See Purchasing Power*, 851 F.3d at 1225. Imposing any sanction would also require an evidentiary hearing to resolve the factual dispute presented by the conflicting affidavits. Engaging in a post-dismissal "mini-trial" as to conversations that took place many months ago and which had no discernible consequence would not further the Court's interest in "manag[ing] [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43. To the contrary, it would undermine the Court's responsibility "to see that [its] resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 768

(E.D. Wisc. 2000) (denying Rule 11 sanctions because, among other things, a "mini-trial" would be required to decide disputed issues).

Finally, Plaintiffs seek sanctions against Rebecca Miller, Webner's law partner, but allege no misconduct by her. The request for sanctions against Ms. Miller is wholly frivolous.

Accordingly, it is

**ORDERED**, **ADJUDGED, and DECREED** that:

1. Plaintiffs' motion for sanctions (Doc. 90) is **DENIED.**

2. Defendants' motion to strike (Doc. 93) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2d day of August, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**